785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CLARENCE CORETHERS, Plaintiff-Appellant,
v.
RICHARD P. SEITER; ARTHUR TATE, JR.; JOHN W. SHOEMAKER,
Defendants-Appellees.
 85-3806, 85-3818
 United States Court of Appeals, Sixth Circuit.
 1/20/86
 
 ORDER
 BEFORE: MERRITT and WELLFORD Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motion for counsel. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record, the appellant's motion, and informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Clarence Corethers appeals the summary judgment dismissing his 42 U.S.C. Sec. 1983 action. The appellant is an inmate in an Ohio prison. He contends that he is being illegally held in prison and has requested $7,000,000 in damages. Specifically, the appellant contends the state can show no records regarding two prior convictions: a drug law conviction and possession of criminal tools conviction, case number 32053 and a concealed weapons conviction along with possession of a weapon while under a disability conviction, case number 166358. Evidently, the appellant is arguing the convictions are non-existent. The convictions are the partial basis for appellant's twenty year sentence. He contends that he has served enough time on the sentence so that he would be entitled to release if the two aforementioned convictions are found void. Also, the appellant argues that the state parole authorities illegally considered the aforementioned convictions in denying shock parole.
 
 
 3
 The attachments submitted along with the appellees' motion for summary judgment reveal the appellant's contentions regarding the two prior convictions are without factual support. A journal entry from the Ohio Court of Common Pleas for Cuyahoga County, dated November 19, 1981, reveals the appellant was found guilty by a jury of trafficking in drugs, O.R.C. 2925.03 and possession of criminal tools, O.R.C. 2923.24 in case CR32053. In addition, a Cuyahoga County Court of Common Pleas journal reveals the appellant, in a bench trial, was found guilty of carrying a concealed weapon (loaded gun), O.R.C. 2923.12, and having a weapon under disability, O.R.C. 2923.13, in case number CR166358.
 
 
 4
 The appellant's contentions concerning shock parole are without merit. There is no constitutionally protected liberty interest in obtaining shock parole under O.R.C. 2967.31. Jago v. Van Curen, 454 U.S. 14 (1981).
 
 
 5
 Accordingly, it is ORDERED that the motion for counsel be denied and the judgment of the district court is affirmed for the reasons set forth in the order of Judge John D. Holschuh, dated September 24, 1985.